**ZONA LAW GROUP P.C.**
Attorneys at Law
7701 East Indian School Road
Suite J
Scottsdale, Arizona 85251
(480) 949-1400
Scott E. Williams #12417
Mark B. Zinman, #024028
Attorneys@zona.law
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pierce Peak LLC dba Aarlo<br><br>Plaintiff,<br><br>v.<br><br>Crystale J. Reason, Caitlyn A. Reid, Trevor D. Reid;<br><br>Defendant. | CASE NO. CV-24-00001-PHX-MTL<br><br>REPLY IN SUPPORT OF MOTION TO REMAND<br><br>(Assigned to<br>The Honorable Michael T. Liburdi) |

Plaintiff PIERCE PEAK LLC ("Plaintiff"), by and through undersigned counsel, hereby files its Reply In Support of the Motion to Remand. Defendant Trevor Reid filed his Response to the Motion to Remand which also constituted his Response to this Court's January 3, 2024 Order (singularly referred to as "Response"). The Response ignored the simple direction of this Court and nothing therein explains why the Notice of Removal was valid. Further, his arguments are internally contradictory and show his actions are in bad faith and solely for the purpose of delay. The Notice of Removal should be struck as being invalid and being filed in bad faith. Finally, its important to note that despite this Court's order being directed to all Defendants, no other Defendants filed a Reply or addressed the Court's order.

1

ZONA LAW GROUP P.C.

7701 E. Indian School Road, Suite J
Scottsdale, AZ 85251

(480) 949-1400

1
2
3
4
5
6

In the Motion to Remand, Plaintiff argued that removal was improper because: (1) the amount in controversy is less than $75,000.00; (2) there is no diversity of the Parties; and (3) there is no federal question in the Complaint. Via this Court's January 3, 2024 Order, this Court noted "Defendants shall show cause why this case should not be remanded to the Maricopa County Justice Court for lack of subject matter jurisdiction" and why all Defendants should not be liable for attorneys' fees and costs.

7
8
9
10
11
12
13
14
15
16
17

Defendant Trevor Reid filed a response but did not address any of the arguments in the Emergency Motion to Remand or explain how removal was proper.  He cited numerous cases and laws on subject matter jurisdiction, but failed to address a single point of support of how an eviction action can ever grant federal jurisdiction for removal. Defendant Reid does a good job of analyzing federal court jurisdiction for bankruptcy matters, but that is entirely irrelevant to the issue raised by this Court.  The law is clear that this court need only look to the four corners of the complaint to determine if jurisdiction exists: it does not. An eviction can never give rise to removal, regardless of how many frivolous claims he attempts to raise whether in state court, federal court or bankruptcy court.

18
19
20
21
22
23

The fact that Defendant filed such a brief, and has provided extensive legal citations (in addition to the filing of 5 bankruptcies between 2 parties) shows that he is not a novice litigator who made an honest mistake.  The Notice of Removal and the Response, demonstrate that Defendant is very familiar with the practice of law. This familiarity, joined with the complete lack of support for removal, shows that it was intentionally done for no purpose other than delay.

24
25
26
27
28

Second, Defendant's arguments are internally inconsistent and demonstrate he is acting in bad faith.  Defendant spent a large portion of the Response, arguing that the Justice Court lacks jurisdiction over the eviction, because he alleges the case has been continued past the statutory timeline.  Defendant argues that the eviction trial was not held within six days of the filing date of September 26, 2023.  (This, of course, was due to

ZONA LAW GROUP P.C.

7701 E. Indian School Road, Suite J
Scottsdale, AZ 85251
(480) 949-1400

1
2
3
Defendants' repeated bankruptcy filings.)   Such timeliness arguments are not relevant to this Court, as that is an issue for the justice court.   What is important to this Court, however, is that this shows Defendants are acting in bad faith.

4
5
6
7
8
9
Defendant argues that the *eviction* should not proceed because it is outside the statutory timeline.   However, in the same breath, Defendant argues that the bankruptcy filings should allow this Court to ignore 28 U.S. Code § 1446, and the requirement that Defendants file the removal within 30 days of service of the Complaint.   Defendants' arguments directly contradict themselves and show that they will use the bankruptcy court inconsistently, both as a sword and as a shield to delay the eviction at all costs.

10
11
12
13
14
15
Third, it is noteworthy that Defendant Trevor Reid asks that, if the matter is remanded, the other Defendants (his wife and daughter) not be liable for attorneys' fees and costs.   He again provides no legal justification for such arguments.   Defendants are jointly and severally liable under the lease, and their collective actions in filing bankruptcies is what has delayed this matter. Moreover, the other defendants are his daughter and his wife.

16
17
18
19
20
21
22
Again, this shows Defendant Trevor Reid making contradictory arguments. He argues that his wife and daughter are separate from him, and thus should not be charged for actions he takes.   However, he tries to make these arguments on their behalf as if he were acting as their attorney.   Defendants Caitlyn Reid and Crystale Reason are required to attend the hearing set by this Court and make arguments themselves. He cannot claim they are not working together, and then make arguments on their behalf.

23
…

24
…

25
…

26
…

27
…

28
…

CONCLUSIONS

There was no basis to the Notice of Removal and not a single relevant good faith argument in the Response to the Motion to Remand.  If anything, this shows that Defendants are acting in bad-faith and for the sole purpose of delay.  There is no basis for this Court to have removal jurisdiction of a non-payment of rent eviction.  The Notice of Removal should be struck, and the matter remanded.

RESPECTFULLY SUBMITTED this 8th day of January, 2024.

ZONA LAW GROUP P.C.


By:  /s/ Mark B. Zinman
        Mark B. Zinman
        Scott E. Williams
        7701 E. Indian School Rd., Suite J
        Scottsdale, AZ 85251
        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8th, 2024, I electronically submitted the attached Emergency Motion to Remand to the Clerk's Office of the United States District Court for the District of Arizona, using the CM/ECF System for filing and a copy was sent by U.S. First Class Mail to the following whose registration status is unknown:

CRYSTALE J REASON, CAITLYN A REID, TREVOR D REID
2121 N 44TH ST #4412
PHOENIX, AZ 85008
Defendants

CRYSTALE J REASON, CAITLYN A REID, TREVOR D REID
3920 E. Thomas Road 5723
Phoenix, AZ 85010
Defendants

In accordance with this Court's 1/3/24 Order, copy also emailed to
trevor.d.reid@gmail.com

ZONA LAW GROUP P.C.

7701 E. Indian School Road, Suite J
Scottsdale, AZ 85251
(480) 949-1400

- 4 -